## Asa F. Miller vs. The National Steamship Co.

The National Steam Navigation Company, preparatory to a dissolution of that corporation, transferred all its property to two liquidators, under the provisions of an English statute, and the said liquidators transferred all of said property to the defendant, on the 16th day of August, 1867; and on that day the Navigation Company ceased to do business, and commenced to wind up its affairs. Such transfer was made substantially upon the agreement and condition that the defendant should take and accept such property subject to the rights and equities therein subsisting, and particularly to the discharge of the several liabilities appearing on the books, papers and documents of the Navigation Company, and to all other liabilities of that company to which the said property was then subject; and would bear, pay and discharge, in due course, the several liabilities disclosed in said books, papers and documents, and all other debts, if any, of the said Navigation Company, and would devote and apply the property so to be made over to it for that purpose. On the 23d of June, 1868, a judgment was recovered by the plaintiff's assignor, as administratrix, against the Navigation Company for an injury to her intestate, caused by the negligence of that company in navigating its vessel, on the 24th of October, 1867. In an action brought by the plaintiff to enforce that judgment against the defendant on the ground that it had assumed to pay the debts and liabilities of the Navigation Company :

*Held*, 1. That the liability to the plaintiff's assignor for an injury which occurred to her intestate on the 24th of October, 1867, could not appear in the books, papers and documents of the Navigation Company on the 16th of August preceding, and was not then a debt or liability of that company which was or could be assumed by the defendant.

2. That the action of the plaintiff's assignor, in which the judgment was recovered, was brought against the wrong party. That the defendant being, at the time when the injury occurred, the owner of the vessel causing the injury, and engaged in its navigation, the alleged wrongful act and negligence were its own, and not those of the Navigation Company, the corporation which was sued.

3. That it could not be held that by the agreement made on the transfer of the property the defendant bound itself to pay its own liabilities that might thereafter spring out of the wrongful acts and negligence of its own servants ; nor did the agreement contemplate or provide for liabilities of that kind which might be asserted by actions improperly brought against the Navigation Company, which had ceased to do business, and was existing only in the process of winding up its affairs.

4. That the agreement did not embrace the judgment in question, unless it appeared that the injury happened by the act of the Navigation Company, or of its liquidators, *in the course of the winding up of its affairs*, under the statute mentioned therein.

5. That it not being shown that the defendant was a privy to the suit against

the Navigation Company, so that the judgment therein could be treated as a judgment against itself, the defendant was not bound, nor estopped by such judgment; and that the complaint was properly dismissed.

APPEAL by the plaintiff, from a judgment of the Special Term dismissing the complaint.

*Henry Morrison*, for the appellant.

*John Chetwood*, for the respondent.

*By the Court*, DAVIS, P. J. This appeal is taken from a judgment dismissing the complaint, with costs. The papers furnished us omit the judgment roll, and contain nothing but the bill of exceptions and notice of appeal. The bill of exceptions states that at the trial the plaintiff applied and had leave " to amend his complaint by striking out such matters as might be inconsistent with such amendment, and by inserting instead thereof allegations that the defendant and the National Steam Navigation Company were separate and distinct corporations, and that the defendant accepted the National Steam Navigation Company's property with a distinct agreement to pay the last mentioned company's debts and liabilities." The answer of the defendant was then " so amended as to set up a general denial of these allegations." The action, therefore, upon the amended pleadings, must be deemed to be one to enforce in favor of the plaintiff an agreement, alleged to have been made by the defendant to pay the debts and liabilities of another corporation, in consideration of the transfer by such corporation or its liquidators, of all its property to the defendant. The plaintiff gave evidence to show that his assignor, on the 23d day of June, 1868, recovered a judgment in the Superior Court of the city of New York, against the National Steam Navigation Company, for $3,289.05 damages and costs, on which an execution had been duly issued and returned unsatisfied.

The judgment roll showed that the recovery was for an injury to the intestate of the plaintiff's assignor, which caused the death of such intestate, and that such injury was produced by the wrongful act and negligence of the National Steam Navigation Company in the navigation of the ship Pennsylvania, *on the 24th day of October,* ·1867, at which time, it was alleged, the said ship belonged to that company. It showed also that the Navigation Company appeared, and by its answer admitted its own incorporation, and that a collision occurred at the time mentioned between the ship Pennsylvania and the boat on which the intestate was injured; but put in issue the ownership of the Pennsylvania and all other allegations of the complaint. The plaintiff then gave evidence tending to show that the defendant in this action was incorporated under the laws of Great Britain, &c., on the 1st day of July, 1867, by the name of " The Steamship Company, limited," and that on the 8th day of August, 1867, its name was changed to " The National Steamship Company, limited." That the National Steam Navigation Company, preparatory to a dissolution of that corporation, transferred all its property to two liquidators, under the provisions of the act of parliament known as " The Companies' Act, 1862;" and that said liquidators transferred all of said property to the corporation now sued, on the 16th day of August, 1867, and on that day the Navigation Company ceased to do business, and commenced to wind up its affairs; that such transfer was made substantially upon the agreement and condition that the National Steamship Company should take and accept such real and personal property, subject to the rights and equities therein subsisting, and in particular to the discharge of the several liabilities appearing on the books, papers and documents of the Navigation Company, and to all other liabilities of the last named company, to which the said real and personal property was then subject; and would

bear, pay and discharge, in due course, the several lia-
bilities disclosed in said books, papers and documents
aforesaid, and all other debts, if any, of the said Na-
tional Steam Navigation Company, and would devote
and apply the real and personal property so to be made
over to them for that purpose.    It is of course apparent
that the liability to the plaintiff's assignor for an injury·
which occurred to her intestate on the 24th of October,
1867, did not appear in the books, papers and documents
of the Steamship Navigation Company on the 16th of
August preceding ; nor was it then a debt or liability
of that company which was or could be assumed by the
present defendant.

    In fact the case shows that the action of the plaintiff's
assignor was brought against the wrong party.    When
the injury occurred, the National Steamship Company
was the owner of the steamship Pennsylvania, engaged
in its navigation, and the alleged wrongful act and neg-
ligence were its own, and not those of the corporation
which was sued.    Neither on sound law nor logic can it
be held that by the agreement made on the transfer of
the property the defendant bound itself to pay its own
liabilities that might thereafter spring out of the wrong-
ful acts and negligence of its own servants ; nor did
the agreement contemplate or provide for liabilities of
that kind which might be asserted by actions improperly
brought against the company, which had ceased to do
business, and was existing only in the process of wind-
ing up its affairs.

    The agreement relied upon does not, therefore, em-
brace the plaintiff's judgment, unless it appears that the
injury happened by the act of the Navigation Company,
or of its liquidators, *in the course of the winding up of
its affairs* under the act referred to.    That does not
appear, and probably could not be made to appear con-
sistently with truth, because the Pennsylvania had ob-
viously become the property of another corporation

which was using that ship for its own purposes. It is not shown that the present defendant was a privy to the suit against the former company, so that the judgment can either in law or equity be treated as a judgment against itself. It was not prosecuted; it had, so far as appears, no notice of the suit, and it had no opportunity to appear and defend, and the action was not one in which the present defendant was bound to respond to the defendant in that suit, on the ground that the wrong for which the action was brought was the negligence of the former and not of the latter. A., who is *improperly* sued for B.'s wrongs, cannot compel B. to defend or be liable for the result, by notice that he is sued for an act for which B. alone is liable. Nor can a plaintiff sue a party not liable for an injury, and then subject the actual wrongdoer to liability for the result, by notice of the pendency of such a suit. The privity essential to charge persons not parties to the record, and which makes notice of the suit an *estoppel in pais*, is altogether lacking in the supposed cases. As the defendant was not bound to defend an action brought against the National Steam Navigation Company for an injury committed by itself, the recovery in the case is no estoppel to any action brought against itself for the same alleged wrong. Nor is the finding of the jury, in that case, that the defendant therein was the owner or navigator of the Pennsylvania an estoppel on that question, against the present defendant. But if this were otherwise, there is a failure of proof, in this case to bring it within the rules governing the liability of privies.

It was not error to exclude the statement of the agent, as to the ownership of the Pennsylvania. To make declarations of that character was no part of the duties of his employment by the defendant; and although his assertion that the National Steam Navigation Company was the owner of the Pennsylvania, doubtless led to the commencement of the suit against the wrong party, yet

it does not establish the fact asserted, nor charge the present defendant with the judgment in that case by reason of its falsity.

We think the complaint was properly dismissed; and that the judgment should be affirmed with costs.

Judgment affirmed.(<em>a</em>)

[FIRST DEPARTMENT, GENERAL TERM at New York, May 3, 1875. *Davis*, *Brady* and *Daniels*, Justices.]

(<em>a</em>) <em>S. C.</em>, reported briefly, 4 <em>Hun</em>, 654.